**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENYATTA BROWN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 25-cv-11376 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| CAPITAL ONE SERVICES, LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |

**ORDER**

Pro se Plaintiff Kenyatta Brown brings a complaint against Defendant Capital One Services, LLC for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). In her complaint, Brown alleges that Capital One reported inconsistent information to consumer reporting agencies and failed to conduct a reasonable investigation into the accuracy of that information. Capital One moves to dismiss, arguing Brown's complaint does not allege sufficient facts to state a claim for relief and otherwise fails to allege the elements of a § 1681s-2(b) claim. For the reasons stated in this order, the Court grant's Capital One's motion.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Brown's complaint fails to meet this standard. To state a claim under 15 U.S.C. § 1681s-2(b), a plaintiff's allegations must meet two threshold requirements: (1) "The plaintiff must make a prima facie showing that the data furnisher provided incomplete or inaccurate information"; and (2) "The plaintiff must also show that the incompleteness or inaccuracy was the product of an unreasonable investigation—that is, had the furnisher conducted a reasonable investigation, it would have discovered that the data it provided was incomplete or inaccurate." *Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 775 (7th Cir. 2023).

Here, Brown alleges she received a Chapter 7 bankruptcy discharge in March 2025. Thereafter, Capital One "continued reporting derogatory and contradictory information, including charge-offs, delinquencies, incorrect balances, and fabricated payment history." (Dkt. 13 at *2). Capital One also "reported inconsistent information across consumer reporting agencies, including reporting bankruptcy coding to some CRAs while omitting it from others." (*Id.*) Brown alleges that she "submitted multiple disputes to consumer reporting agencies, which were transmitted to Capital One." (*Id.*) But despite receiving notice of these disputes, Brown alleges Capital One "failed to conduct a reasonable investigation," "continued to verify inaccurate information," and "failed to provide documentary evidence substantiating the contradictory reporting." (*Id.*).

These allegations are conclusory and lack sufficient detail to successfully plead a § 1681s-2(b) claim. On their face, Brown's allegations merely repeat the statutory language of the Fair Credit Reporting Act. Nor do they provide any detail on the account at issue, what credit reporting agencies received information from Capital One, and the content of that information. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth."); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In her response to Capital One's motion to dismiss, Brown proffers additional facts in support of her request for leave to file an amended complaint. Because a plaintiff may not amend her complaint in response to a motion to dismiss, the Court does not consider those facts on Capital One's current motion. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). But pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court grants Brown leave to file a second amended complaint. *See Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022) (explaining that Rule 15(a)(2) provides that a court "should freely give leave to amend when justice so requires" (cleaned up)); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (explaining that a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers").

Brown shall file her second amended complaint by 1/11/2027 if she reasonably believes she can correct the deficiencies identified in this order. Capital One's responsive pleading shall be filed by 2/1/2027. If Brown fails to file a second amended complaint within this timeframe, the Court shall dismiss her amended complaint with prejudice. Brown is referred to make an appointment with the Hibbler Help Desk at https://hibbler-memorial-pro-se-assistance-program.appointlet.com for assistance complying with the Court's order. For further questions about the Hibbler Pro Se Help Desk, please contact hibbler@uplcchicago.org or call 773-250-0359.

**IT IS SO ORDERED.**
Date: 11/23/2026

Entered: ______________________
SHARON JOHNSON COLEMAN
United States District Judge